1   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
      A Limited Liability Partnership
2     Including Professional Corporations
    GREGORY F. HURLEY, Cal. Bar No. 126791 (pro hac vice forthcoming)
3   ghurley@sheppardmullin.com
    MICHAEL J. CHILLEEN, Cal. Bar No. 210704 (pro hac vice forthcoming)
4   mchilleen@sheppardmullin.com
    650 Town Center Drive, 4th Floor
5   Costa Mesa, California 92626-1993
    Telephone:   714.513.5100
6   Facsimile:    714.513.5130

7   QUARLES & BRADY LLP
    LAUREN ELLIOTT STINE, AZ Bar No. 025083
8   lauren.stine@quarles.com
    One Renaissance Square
9   Two North Central Avenue
    Phoenix, Arizona  85004
10  Telephone:    602.229.5200
    Facsimile:    602.229.5690

11
    Attorneys for Defendant,
12  SMITH'S FOOD & DRUG CENTERS, INC.

13

14              IN THE UNITED STATES DISTRICT COURT

15                  FOR THE DISTRICT OF ARIZONA

16  ┌─────────────────────────────────────┬─────────────────────────────
    │ Advocates for Individuals With Disabilities │ Case No.
17  │ Foundation, Inc., a charitable non-profit   │ **NOTICE OF REMOVAL OF CIVIL**
    │ foundation,                                 │ **ACTION**
18  │                                             │
    │               Plaintiff,                    │ (formerly Maricopa County Superior Court
19  │                                             │ Case No. CV2016-007115)
    │        v.                                   │
20  │                                             │
    │ Smith's Food & Drug Centers Inc.,           │
21  │                                             │
    │               Defendant.                    │
22  └─────────────────────────────────────┴─────────────────────────────

23  **TO  THE  CLERK  OF  THE  COURT,  PLAINTIFFS  AND  PLAINTIFFS'**

24  **ATTORNEYS OF RECORD:**

25          **PLEASE TAKE NOTICE** that defendant Smith's Food & Drug Centers Inc.,

26  (hereinafter "Defendant") hereby removes to this Court the state court action described

1    below, pursuant to 28 U.S.C. §§ 1331, 1441, 1443, 1446, and L.R. Civ. 3.6:

2    **I.    FILING AND SERVICE OF THE COMPLAINT.**

3        1.    On June 10, 2016, plaintiff Advocates for American Disabled Individuals

4    Foundation, Inc., ("Plaintiff") commenced an action in the Superior Court of the State of

5    Arizona for the County of Maricopa (the "State Court"), Case Number CV2016-007115,

6    by filing a Complaint entitled "***Advocates for Individuals with Disabilities Foundation,***

7    ***Inc. vs. Smith's Food & Drug Centers, Inc.***" (the "State Court Action").

8        2.    On July 25, 2016, Defendant received a copy of the Complaint.  Pursuant to

9    L.R. Civ. 3.6, a true and correct copy of the entire State Court Action record, including the

10    Complaint and Summons, is attached hereto as Exhibit "A".  Undersigned counsel verifies

11    that Exhibit "A" contains a complete copy of the filings in the State Court Action.  A true

12    and correct copy of such Verification is attached here as Exhibit "B".

13        3.    Defendant has not yet responded to the Complaint.    To Defendant's

14    knowledge, no other defendant has been served or named.  *See Salveson vs. Western*

15    *States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984) (defendant need not join in or

16    consent to the notice of removal if the nonjoining defendant has not been served with

17    process in the state action at the time the notice of removal is filed.).

18    **II.    THIS COURT HAS FEDERAL QUESTION JURISDICTION.**

19        4.    This action is a civil action for which this Court has original jurisdiction

20    pursuant to 28 U.S.C. § 1331 and is one which may be removed pursuant to 28 U.S.C. §

21    1441(a) and 28 U.S.C. § 1443, in that it appears from the Complaint that Plaintiffs have

22    filed a civil rights action, and their claims are founded on a claim or right arising under the

23    laws of the United States.

24        5.    More specifically, it appears from the Complaint that this is a civil rights

25    action alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12182 *et*

26    *seq.* (Complaint ¶¶ 26-32).

III.   **THIS NOTICE OF REMOVAL IS TIMELY AND PROPERLY FILED.**

6.   The filing of this Notice of Removal is filed within the time period required under 28 U.S.C. § 1446(a).

7.   Defendant will give written notice of the filing of this Notice of Removal to all adverse parties as required by 28 U.S.C. § 1446(d) and will file a copy of this Notice of Removal within the State Court, as further required by that Section.  A true and correct copy of the Notice to Adverse Parties and to Superior Court of Removal of Action to Federal Court that will be filed with the State Court is attached as Exhibit "C".

8.   Venue is proper in this Court because the action is being removed from the Superior Court in the County of Maricopa.

9.   The undersigned counsel for Defendant has read the foregoing and signs the Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

WHEREFORE, Defendant prays that the above action now pending against it in the State Court be removed to this Court.

RESPECTFULLY SUBMITTED this 17h day of August, 2016.

> SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
> A Limited Liability Partnership
> Including Professional Corporations
> 650 Town Center Drive, 4th Floor
> Costa Mesa, California 92626-1993
>
> QUARLES & BRADY LLP
> Renaissance One
> Two North Central Avenue
> Phoenix, AZ  85004-2391
>
> By */s/ Lauren Elliott Stine*
>    Lauren Elliott Stine
>
> *Attorneys for Defendant*
> *Smith's Food & Drug Centers, Inc.*

1

## **CERTIFICATE OF SERVICE**

2      I hereby certify that I electronically transmitted the attached document to the

3  Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of

4  Electronic Filing to the following CM/ECF registrant, and mailed a copy of same to the

5  following if non-registrants, this 17ʰ day of August 2016:

6          Peter Strojnik
           Strojnik P.C.
7          1 East Washington Street, Suite 500
           Phoenix, Arizona  85004
8          *Attorneys for Plaintiff*

9

10

11  */s/ Maria Marotta*

12

    QB\41008418.1
13

14

15

16

17

18

19

20

21

22

23

24

25

26

# EXHIBIT A

```
                                    MICHAEL K. JEANES
                                   Clerk of the Superior Court
                                     By Fidelia Boll, Deputy
                                   Date 06/10/2016 Time 15:55:41
                              Description              Amount
                              ------- CASE# CV2016-007115 -------
                              CIVIL NEW COMPLAINT        319.00

                              TOTAL AMOUNT               319.00
                                     Receipt# 25300739
```

Peter Strojnik, State Bar No. 6464
**STROJNIK P.C.**
1 EAST WASHINGTON STREET, SUITE 500
PHOENIX, AZ 85004
(774) 768-2234
Attorney for Plaintiff
Case Specific Email Address:
3616ERayRD@aadi.org
www.aid.org

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

CV2016-007115

| | |
|---|---|
| ADVOCATES FOR INDIVIDUALS WITH DISABILITIES FOUNDATION, INC., a charitable non-profit foundation, | Case No: |
| Plaintiff, | **VERIFIED COMPLAINT** |
| vs. | |
| SMITH'S FOOD AND DRUG CENTERS INC; | |
| Defendant. | |

Plaintiff alleges:

## PARTIES

1.   Plaintiff, Advocates for Individuals with Disabilities Foundation, Inc. ("Foundation") is a non-profit charitable foundation. *See* www.aid.org.

2.   Defendant, SMITH'S FOOD AND DRUG CENTERS INC, owns and/or operates a business located at 3616 E Ray RD  PHOENIX AZ 85044  which is a place of public accommodation pursuant to 42 U.S.C. § 12181(7)(A) which offers public lodging services.

## INTRODUCTION

3. Plaintiff brings this action against Defendant, alleging violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq., (the "ADA") and its implementing regulations and A.R.S. Title 41, Chapter 9, Article 8, §§41-1492 et seq. and its implementing regulations, R10-3-401 et seq. (the "AzDA")

4. Plaintiff is a charitable non-profit foundation. Plaintiff is known to have past, present and future relationships or associations with individuals with disabilities as defined in 28 CFR § 36.205. In connection with 28 CFR §36.205, and generally relating to third-party standing, Plaintiff alleges:

    a. Plaintiff has a close relationship with former, current and future disabled individuals who are directly protected by the ADA as discrete and insular minorities. *See*, e.g., www.aid.org.

    b. Plaintiff's association with former, current and future disabled individuals arises from Plaintiff's charitable acts of giving to the disabled community, which are interests that are germane to the association's purpose.

    c. Plaintiff's close relationship to the third party disabled individuals is such that a third party disabled individuals cannot be reasonably expected to properly frame the issues and present them with the necessary adversarial zeal to the Court. Third party disabled individuals are hindered to litigate by virtue of their status as minors and/or their lack of mobility and/or financial resources.

    d. Because only injunctive and declaratory relief is requested, participation in the action by individual disabled individuals is not required.

5. Plaintiff brings this civil rights action against Defendant for failing to design, construct, and/or own or operate public accommodations that are fully accessible to, and independently usable by, disabled people. Plaintiff seeks a declaration that Defendant's public accommodation violates federal law and an injunction requiring Defendant to install means of access in compliance with ADA requirements so that their facility is fully accessible to, and independent usable by, disabled individuals. Plaintiff further requests that, given Defendant's historical failure to comply with the ADA's mandate, the Court retain jurisdiction of this

2

matter for a period to be determined to ensure that Defendant comes into compliance with the relevant requirements of the ADA, and to ensure that Defendant has adopted and is following an institutional policy that will, in fact, cause Defendant to remain in compliance with the law.

6.  In compliance with R10-3-405(H)(1), Plaintiff's address is 40 North Central Avenue, Suite 1400, Phoenix, Arizona 85004

## JURISDICTION AND VENUE

7.  Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1331 and 42 U.S.C. § 12188.

8.  Plaintiff's claims asserted herein arose in this judicial district and Defendant does substantial business in this judicial district.

9.  Venue in this judicial district is proper under 28 U.S.C. § 1391(b) and (c) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## THE ADA AND ITS IMPLEMENTING REGULATIONS

10. On July 26, 1990, President George H.W. Bush signed into law the ADA, a comprehensive civil rights law prohibiting discrimination on the basis of disability.

11. The ADA broadly protects the rights of individuals with disabilities in employment, access to State and local government services, places of public accommodation, transportation, and other important areas of American life.

12. Title III of the ADA prohibits discrimination in the activities of places of public accommodation and requires places of public accommodation to comply with ADA standards and to be readily accessible, and independently usable by, individuals with disabilities. 42 U.S.C. §§ 12181-89.

13. Title III states, inter alia, that "[i]t shall be discriminatory to afford an individual or class of individuals, on the basis of a disability . . . with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals." *See* 42 U.S.C. §12182(b)(1)(A)(ii). In addition, §12182(b)(1)(A)(iii) and

3

§12182(b)(1)(B)] are intended to prohibit exclusion and segregation of individuals with disabilities and the denial of equal opportunities enjoyed by others, based on, among other things, presumptions, patronizing attitudes, fears, and stereotypes about individuals with disabilities. 28 C.F.R. pt. 36, app. C (2011).

14. On July 26, 1991, the Department of Justice ("DOJ") issued rules implementing Title III of the ADA, which are codified at 28 CFR Part 36.

15. Appendix A of the 1991 Title III regulations (republished as Appendix D to 28 CFR part 36) contains the ADA standards for Accessible Design (1991 Standards), which were based upon the Americans with Disabilities Act Accessibility Guidelines (1991 ADAAG) published by the Access Board on the same date.

16. In 1994, the Access Board began the process of updating the 1991 ADAAG by establishing a committee composed of members of the design and construction industries, the building code community, and State and local governmental entities, as well as individuals with disabilities.

17. In 1999, based largely on the report and recommendations of the advisory committee, the Access Board issued a notice of proposed rulemaking to update and revise its ADA and ABA Accessibility Guidelines.

18. The Access Board issued final publication of revisions to the 1991 ADAAG on July 23, 2004 ("2004 ADAAG").

19. On September 30, 2004, the DOJ issued an advanced notice of proposed rulemaking to begin the process of adopting the 2004 ADAAG.

20. On June 17, 2008, the DOJ published a notice of proposed rulemaking covering Title III of the ADA.

21. The long-contemplated revisions to the 1991 ADAAG culminated with the DOJ's issuance of The 2010 Standards for Accessible Design ("2010 Standards"). The DOJ published the Final Rule detailing the 2010 Standards on September 15, 2010. The 2010 Standards consist of the 2004 ADAAG and the requirements contained in subpart D of 28 CFR part 36.

## THE AzDA AND ITS IMPLEMENTING REGULATIONS

22. The AzDA and its implementing regulations, §§41-1492 et seq. and R10-3-401 et seq. provide similar prohibitions and remedies to the ADA and its implementing regulations.

## ALLEGATIONS COMMON TO ALL COUNTS

23. Pursuant to CFR 36-302(1)(ii) and otherwise, on or about 3/17/2016, Plaintiff, who is known to have a relationship or association with individuals with disabilities, conducted an investigation into Defendant's public accommodation for purposes of ascertaining whether it complies with the ADA. Plaintiff's investigation confirmed that Defendant's public accommodation was not accessible to individuals with disabilities in the following particulars:

　　1. Violation of the 2010 ADA Standards of Accessibility Design §§216.5 and 502.6 in that it fails to identify van parking spaces by the designation "van accessible" and or fails to maintain the minimum height of 60 inches (1525 mm) above the finish floor

Plaintiff has actual knowledge of at least one barrier related to third party disabled individuals as indicated in the preceding allegation. Therefore, third party individuals with disabilities are currently deterred from visiting Defendant's public accommodation by accessibility barrier(s). Upon information and belief, there are other potential violations and barriers to entry that will be discovered and disclosed during the discovery and disclosure process.

24. Without the presence of adequate handicapped parking spaces, sufficient designation or signage and or sufficient disbursement of such parking spaces, third party individuals with disabilities are prevented from equal enjoyment of the Defendant's Public Accommodation.

25. As a result of Defendant's non-compliance with the AzDA and the ADA, third party individuals with disabilities will avoid and not visit Defendant's Public Accommodation in the future unless and until all AzDA and ADA violations have been cured.

26. The existence of barriers deters third party individuals with disabilities from conducting business or returning to Defendant's Public Accommodation. Upon

5

information and belief, other disabled persons are also deterred from visiting there or otherwise precluded from frequenting Defendant's Public Accommodation due to its non-compliance with the AzDA and the ADA .

27. As a result of Defendant's non-compliance with the ADA, third party disabled individuals, unlike persons without disabilities, are denied equal access.

28. Upon information and belief, though Defendant may have centralized policies regarding the management and operating of its hotel, Defendant does not have a plan or policy that is reasonably calculated to make its entire facility fully accessible to and independently usable by, disabled people.

29. Plaintiff verified that Defendant's Public Accommodation lacks the mandatory elements required by the 2010 Standards to make their facility fully accessible to and independently usable by disabled people.

30. Plaintiff has a keen interest in whether public accommodations are fully accessible to, and independently usable by, individuals with disabilities, specifically including an interest in ensuring that parking spaces comply with the 2010 Standards.

31. Third party disabled individuals have been injured by Defendant's discriminatory practices and failure to remove architectural barriers to equal access. These injuries include being deterred from using Defendant's facilities due to the inaccessibility and/or insufficient designation of appropriate parking .

32. Without injunctive relief, Plaintiff and others will continue to be unable to independently use Defendant's Public Accommodation under ADA and AzDA.

## COUNT ONE
### (Violation of Title III of ADA)

33. Plaintiff incorporates all allegations heretofore set forth.

34. Defendant has discriminated against third party disabled individuals and others in that it has failed to make its public accommodation fully accessible to, and independently usable by, individuals who are disabled in violation of AzDA, Article 8, Chapter 10 of Title 41 of the Arizona Revised Statutes, A.R.S. §§ 41-1492 *et seq.* and its implementing regulations, R10-3-401 et seq. and the ADA,

6

Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq., and its implementing regulations 28 CFR §§ 36.101 *et seq.*

35. Defendant has discriminated against third party disabled individuals in that it has failed to remove architectural barriers to make its Public Accommodation fully accessible to, and independently usable by individuals who are disabled in violation of the AzDA and the ADA and, particularly, 42 U.S.C. §12182(b)(A)(iv) and Section 208.2 of the 2010 Standards, as described above. Compliance with the requirements of section 208.2 of the 2010 Standards would neither fundamentally alter the nature of Defendant's Public Accommodation nor result in an undue burden to Defendant.

36. Compliance with AzDA and the ADA is readily achievable by the Defendant due to the low costs. Readily achievable means that providing access is easily accomplishable without significant difficulty or expense .

37. Conversely, the cessation of compliance with the ADA law is also readily achievable by redrawing the parking spaces to its original configuration and or changing signage back to the same. Therefore, injunctive relief should issue irrespective of Defendant's potential voluntary cessation pursuant to the Supreme Court's announcement in *Friends of the Earth* case[1].

38. Defendant's conduct is ongoing, Plaintiff invokes Plaintiff's statutory right to declaratory and injunctive relief, as well as costs and attorneys' fees, both pursuant to statute and pursuant to the Private Attorney General doctrine .

---

[1] *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.,* 528 U.S. 167, 189, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000):

It is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice. If it did, the courts would be compelled to leave the defendant free to return to his old ways. In accordance with this principle, the standard we have announced for determining whether a case has been mooted by the defendant's voluntary conduct is stringent: A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur. The heavy burden of persuading the court that the challenged conduct cannot reasonably be expected to start up again lies with the party asserting mootness.

7

39. Without the requested injunctive relief, specifically including the request that the Court retain jurisdiction of this matter for a period to be determined after the Defendant certifies that it is fully in compliance with the mandatory requirements of the AzDA and ADA that are discussed above, Defendant's non-compliance with the AzDA and ADA' mandatory requirements may be or are likely to recur.

### COUNT TWO
### (Violation A.R.S. Title 41, Chapter 9, Article 8, §§41-1492 et seq. AND Implementing Regulations)

40. Plaintiff realeges all allegations heretofore set forth.

41. Plaintiff has been damaged and injured by the Defendant's non-compliance with the AzDA.

42. Pursuant to A.R.S. § 41-1492.08, and §41-1492.09, plaintiff has the right to enforce the AzDA by the issuance of injunctive relief.

43. Pursuant to A.R.S. § 41-1492.08, Plaintiff is entitled to preventive and mandatory relief.

44. Mandatory relief includes relief mandated by A.R.S. § 41-1492.09 obligating the Office of the Attorney General to take actions specified therein.

45. Pursuant to A.R.S. § 41-1492.09(B)(2), Plaintiff is further entitled to such other relief as the Court considers appropriate, including monetary damages in an amount to be proven at trial, but in no event less than $5,000.00.

46. Pursuant to A.R.S. § 41-1492.09(F), Plaintiff is entitled to attorney's fees and costs in an amount proven but in no event less than $5,000.00.

### ***PRAYER FOR RELIEF***

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a.  A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA, in that Defendant took no action that was reasonably calculated to ensure that its Public Accommodation was fully accessible to, and independently usable by, individuals with disabilities ;

8

b.  Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, a permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504(a) which directs Defendant to take all steps necessary to bring its public accommodation into full compliance with the requirements set forth in the ADA and its implementing regulations, so that the facility is fully accessible to, and independently usable by, disabled individuals, specifically Sections 208.2 of the 2010 Standards, and which further directs that the Court shall retain jurisdiction for a period to be determined after Defendant certifies that its facility is fully in compliance with the relevant requirements of the ADA to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law;

c.  Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, payment of costs of suit, expenses of suit and attorney's fees;

d.  Order closure of the Defendant's place of public accommodation until Defendant has fully complied with the ADA and AzDA;

e.  A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of AzDA;

f.  Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, a permanent injunction pursuant to AzDA which directs Defendant to take all steps necessary to bring its facility into full compliance with the requirements set forth in the AzDA, and its implementing regulations, so that the facility is fully accessible to, and independently usable by, disabled individuals, specifically including ensuring parking spaces comply with the 2010 standards as required by law, and which further directs that the Court shall retain jurisdiction for a period to be determined after Defendant certifies that its facility is fully in compliance with the relevant requirements of the AzDA to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law;

9

g. For damages authorized by § 41-1492.09(B)(2) in an amount no less than $5,000.00;

h. Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, payment of attorneys' fees pursuant to 42 U.S.C. § 12205, 28 CFR § 36.505 and A.R.S. § 41-1492.09(F) and other principles of law and equity and in compliance with the "prevailing party" and "material alteration" of the parties' relationship doctrines[2] in an amount no less than $5,000.00; and,

i. The provision of whatever other relief the Court deems just, equitable and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on issues triable by a jury.

RESPECTFULLY SUBMITTED this Tuesday, June 7, 2016.

STROJNIK P.C.

Peter Strojnik (6464)
Attorneys for Plaintiff

## VERIFICATION COMPLIANT WITH R10-3-405

I declare under penalty of perjury that the foregoing is true and correct.

DATED this Tuesday, June 7, 2016.

/s/ Fabian Zazueta

By: Fabian Zazueta, Authorized Agent
Advocates for Individuals with
Disabilities Foundation, Inc.

[2] As applicable to ADA cases, see *Coppi v. City of Dana Point*, Case No. SACV 11-1813 JGB (RNBx) (February, 2015)

10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT 1

U.S. Department of Justice
Civil Rights Division
*Disability Rights Section*



Americans with Disabilities Act

# ADA Business BRIEF:

## Restriping Parking Lots

### Accessible Parking Spaces

When a business restripes a parking lot, it must provide accessible parking spaces as required by the ADA Standards for Accessible Design.

In addition, businesses or privately owned facilities that provide goods or services to the public have a continuing ADA obligation to remove barriers to access in existing parking lots when it is readily achievable to do so. Because restriping is relatively inexpensive, it is readily achievable in most cases.

This ADA Business Brief provides key information about how to create accessible car and van spaces and how many spaces to provide when parking lots are restriped.



One of eight accessible parking spaces, but always at least one, must be van accessible.

### Accessible Parking Spaces for Cars

Accessible parking spaces for cars have at least a 60-inch-wide access aisle located adjacent to the designated parking space. The access aisle is just wide enough to permit a person using a wheelchair to enter or exit the car. These parking spaces are identified with a sign and located on level ground.

### Van-Accessible Parking Spaces

Van-accessible parking spaces are the same as accessible parking spaces for cars except for three features needed for vans:

- a wider access aisle (96") to accommodate a wheelchair lift;

- vertical clearance to accommodate van height at the van parking space, the adjacent access aisle, and on the vehicular route to and from the van-accessible space, and

- an additional sign that identifies the parking spaces as van accessible.

### Minimum Number of Accessible Parking Spaces
#### ADA Standards for Accessible Design 4.1.2 (5)

| Total Number of Parking Spaces Provided (per lot) | Total Minimum Number of Accessible Parking Spaces (60" & 96" aisles) | Van-Accessible Parking Spaces with min. 96" wide access aisle | Accessible Parking Spaces with min. 60" wide access aisle |
|---|---|---|---|
| | Column A | | |
| 1 to 25 | 1 | 1 | 0 |
| 26 to 50 | 2 | 1 | 1 |
| 51 to 75 | 3 | 1 | 2 |
| 76 to 100 | 4 | 1 | 3 |
| 101 to 150 | 5 | 1 | 4 |
| 151 to 200 | 6 | 1 | 5 |
| 201 to 300 | 7 | 1 | 6 |
| 301 to 400 | 8 | 1 | 7 |
| 401 to 500 | 9 | 2 | 7 |
| 501 to 1000 | 2% of total parking provided in each lot | 1/8 of Column A* | 7/8 of Column A** |
| 1001 and over | 20 plus 1 for each 100 over 1000 | 1/8 of Column A* | 7/8 of Column A** |

\* one out of every 8 accessible spaces          \*\* 7 out of every 8 accessible parking spaces

October 2001

## Location

Accessible parking spaces must be located on the shortest accessible route of travel to an accessible facility entrance. Where buildings have multiple accessible entrances with adjacent parking, the accessible parking spaces must be dispersed and located closest to the accessible entrances.

When accessible parking spaces are added in an existing parking lot, locate the spaces on the most level ground close to the accessible entrance. An accessible route must always be provided from the accessible parking to the accessible entrance. An accessible route never has curbs or stairs, must be at least 3-feet wide, and has a firm, stable, slip-resistant surface. The slope along the accessible route should not be greater than 1:12 in the direction of travel.

Accessible parking spaces may be clustered in one or more lots if equivalent or greater accessibility is provided in terms of distance from the accessible entrance, parking fees, and convenience. Van-accessible parking spaces located in parking garages may be clustered on one floor (to accommodate the 98-inch minimum vertical height requirement).

## Free Technical Assistance

Answers to technical and general questions about restriping parking lots or other ADA requirements are available by telephone on weekdays. You may also order the ADA Standards for Accessible Design and other ADA publications, including regulations for private businesses, at any time day or night. Information about ADA-related IRS tax credits and deductions is also available from the ADA Information Line.

**Department of Justice
ADA Information Line

800-514-0301 (voice)
800-514-0383 (TTY)**

## Features of Accessible Parking Spaces for Cars

Sign with the international symbol of accessibility mounted high enough so it can be seen while a vehicle is parked in the space.

If the accessible route is located in front of the space, install wheelstops to keep vehicles from reducing width below 36 inches.



accessible route (min. 36-inch width)

Access aisle of at least 60-inch width must be level (1:50 maximum slope in all directions), be the same length as the adjacent parking space(s) it serves and must connect to an accessible route to the building. Ramps must not extend into the access aisle.

Boundary of the access aisle must be marked. The end may be a squared or curved shape.

Two parking spaces may share an access aisle.

| 96" min. | 60" min. | 96" min. |
|----------|----------|----------|
| 2440 | 1525 | 2440 |

## Three Additional Features for Van-Accessible Parking Spaces

Sign with "van accessible" and the international symbol of accessibility mounted high enough so the sign can be seen when a vehicle is parked in the space

accessible route

96" min. width access aisle; level (max: slope 1:50 in all directions), located beside the van parking space.

Min. 98-inch-high clearance at van parking space, access aisle, and on vehicular route to and from van space

| 96" min. | 96" min. | 96" min. |
|----------|----------|----------|
| 2440 | 2440 | 2440 |

## ADA Website and ADA Business Connection

You may also view or download ADA information on the Department's ADA website at any time. The site provides access to the ADA Business Connection and the ADA design standards, ADA regulations, ADA policy letters, technical assistance materials, and general ADA information. It also provides links to other Federal agencies, and updates on new ADA requirements and enforcement efforts. **www.usdoj.gov/crt/ada/adahom1.htm**

## Reference:

ADA Standards for Accessible Design (28 CFR Part 36):
§ 4.1.6 Alterations; § 4.1.2 Accessible Sites and Exterior Facilities: New
   Construction; § 4.6.1 Parking and Passenger Loading Zones; and
§ 4.3 Accessible Route.

Duplication is encouraged.

1

2

3

4

5

6

7

8

9

10

11

12

13                                        EXHIBIT 2

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

U.S. Department of Justice
Civil Rights Division
*Disability Rights Section*



# A D A
Design Guide

**1**  **Restriping Parking Lots**

## Accessible Parking Spaces

When a business, State or local government agency, or other covered entity restripes a parking lot, it must provide accessible parking spaces as required by the ADA Standards for Accessible Design. Failure to do so would violate the ADA.

In addition, businesses or privately owned facilities that provide goods or services to the public have a continuing ADA obligation to remove barriers to access in existing parking lots when it is readily achievable to do so. Because restriping is relatively inexpensive, it is readily achievable in most cases.

This ADA Design Guide provides key information about how to create accessible car and van spaces and how many spaces to provide when parking lots are restriped.



## Accessible Parking Spaces for Cars

Accessible parking spaces for cars have at least a 60-inch-wide access aisle located adjacent to the designated parking space. The access aisle is just wide enough to permit a person using a wheelchair to enter or exit the car. These parking spaces are identified with a sign and located on level ground.

## Van-Accessible Parking Spaces

Van-accessible parking spaces are the same as accessible parking spaces for cars except for three features needed for vans:

* a wider access aisle (96") to accommodate a wheelchair lift;
* vertical clearance to accommodate van height at the van parking space, the adjacent access aisle, and on the vehicular route to and from the van-accessible space, and
* an additional sign that identifies the parking spaces as "van accessible."

One of eight accessible parking spaces, but always at least one, must be van-accessible.



### Minimum Number of Accessible Parking Spaces
ADA Standards for Accessible Design 4.1.2 (5)

| Total Number of Parking spaces Provided (per lot) | Total Minimum Number of Accessible Parking Spaces (60" & 96" aisles) | Van Accessible Parking Spaces with min. 96" wide access aisle | Accessible Parking Spaces with min. 60" wide access aisle |
|---|---|---|---|
| | Column A | | |
| 1 to 25 | 1 | 1 | 0 |
| 26 to 50 | 2 | 1 | 1 |
| 51 to 75 | 3 | 1 | 2 |
| 76 to 100 | 4 | 1 | 3 |
| 101 to 150 | 5 | 1 | 4 |
| 151 to 200 | 6 | 1 | 5 |
| 201 to 300 | 7 | 1 | 6 |
| 301 to 400 | 8 | 1 | 7 |
| 401 to 500 | 9 | 2 | 7 |
| 501 to 1000 | 2% of total parking provided in each lot | 1/8 of Column A* | 7/8 of Column A** |
| 1001 and over | 20 plus 1 for each 100 over 1000 | 1/8 of Column A* | 7/8 of Column A** |

\* one out of every 8 accessible spaces    \*\* 7 out of every 8 accessible parking spaces

## Location

Accessible parking spaces must be located on the shortest accessible route of travel to an accessible facility entrance. Where buildings have multiple accessible entrances with adjacent parking, the accessible parking spaces must be dispersed and located closest to the accessible entrances.

When accessible parking spaces are added in an existing parking lot, locate the spaces on the most level ground close to the accessible entrance. An accessible route must always be provided from the accessible parking to the accessible entrance. An accessible route never has curbs or stairs, must be at least 3-feet wide, and has a firm, stable, slip-resistant surface. The slope along the accessible route should not be greater than 1:12 in the direction of travel.

Accessible parking spaces may be clustered in one or more lots if equivalent or greater accessibility is provided in terms of distance from the accessible entrance, parking fees, and convenience. Van-accessible parking spaces located in parking garages may be clustered on one floor (to accommodate the 98-inch minimum vertical height requirement).

## Free Technical Assistance

Answers to technical and general questions about restriping parking lots or other ADA requirements are available by telephone on weekdays. You may also order the ADA Standards for Accessible Design and other ADA publications, including regulations for private businesses or State and local governments, at any time day or night. Information about ADA-related IRS tax credits and deductions is also available from the ADA Information Line.

Department of Justice
**ADA Information Line**

**800-514-0301 (voice)**
**800-514-0383 (tty)**

## Features of Accessible Parking Spaces for Cars



- Sign with the international symbol of accessibility mounted high enough so it can be seen while a vehicle is parked in the space.
- If the accessible route is located in front of the space, install wheelstops to keep vehicles from reducing width below 36 inches.

accessible route (min. 36-inch width)

Access aisle of at least 60-inch width must be level (1:50 maximum slope in all directions), be the same length as the adjacent parking space(s) it serves and must connect to an accessible route to the building. Ramps must not extend into the access aisle.

Boundary of the access aisle must be marked. The end may be a squared or curved shape.

Two parking spaces may share an access aisle.

| 96" min. | 60" min. | 96" min. |
| 2440 | 1525 | 2440 |

## Three Additional Features for Van-Accessible Parking Spaces



- Sign with "van accessible" and the international symbol of accessibility mounted high enough so the sign can be seen when a vehicle is parked in the space

accessible route

**96" min. width access aisle**, level (max. slope 1:50 in all directions), located beside the van parking space

**Min. 98-inch-high clearance** at van parking space, access aisle, and on vehicular route to and from van space.

| 96" min. | 96" min. | 96" min. |
| 2440 | 2440 | 2440 |

### Internet

You may also review or download information on the Department's ADA Internet site at any time. The site provides access to ADA regulations, technical assistance materials, and general ADA information. It also provides links to other Federal agencies, and updates on new ADA requirements and enforcement efforts. Internet address: www.usdoj.gov/crt/ada/adahom1.htm

### Reference:

ADA Standards for Accessible Design (28 CFR Part 36):

§ 4.1.6 Alterations;
§ 4.1.2 Accessible Sites and Exterior Facilities: New Construction; and
§ 4.1.6 Parking and Passenger Loading Zones.

Duplication of this document is encouraged.

Peter Strojnik, State Bar No. 6464
**STROJNIK P.C.**
1 EAST WASHINGTON STREET, SUITE 500
PHOENIX, AZ 85004
(774) 768-2234
Attorney for Plaintiff
Case Specific Email Address:
3616ERayRD@aadi.org
www.aid.org

MICHAEL K. JEANES, CLERK
BY
FBOU    DEP.
FILED

16 JUN 10 PM 3: 55

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

CV2016-007115

| | |
|---|---|
| Advocates for Individuals with Disabilities Foundation, Inc., | Case No: |
| Plaintiff, | |
| vs. | **CERTIFICATE OF ARBITRATION** |
| SMITH'S FOOD AND DRUG CENTERS INC | |
| Defendant. | |

The above cause is not subject to compulsory arbitration.

RESPECTFULLY SUBMITTED this Tuesday, June 7, 2016.

Peter Strojnik, State Bar No 6464

**In the Superior Court of the State of Arizona
In and For the County of**  Maricopa

Case Number   CV2016-007115

## CV2016-007115

Plaintiff's Attorney   Peter Strojnik Esq.

Attorney Bar Number   006464

MICHAEL K. JEANES, CLERK
BY   ʔʔʔʔ   DEP.
FILED

**Is Interpreter Needed?**  ☐ Yes  ☒ No
**If yes, what language:**
Peter Strojnik Esq.

16 JUN 10  PM 3: 55

To the best of my knowledge, all information is true and correct.

**Attorney/Pro Per Signature**
(If no attorney, YOUR signature)

| Plaintiff's Name(s): (List all) | Plaintiff's Address: | Phone #: | Email Address: |
|---|---|---|---|

Advocates for Individuals with Disabilities, LLC

(List additional plaintiffs on page two and/or attach a separate sheet).

Defendant's Name(s): (List All)
SMITH'S FOOD AND DRUG CENTERS INC

(List additional defendants on page two and/or attach a separate sheet)

EMERGENCY ORDER SOUGHT:   ☐ Temporary Restraining Order   ☐ Provisional Remedy   ☐ OSC

☐ Election Challenge   ☐ Employer Sanction   ☐ Other _____
(Specify)

☐ RULE 8(i) COMPLEX LITIGATION APPLIES. Rule 8(i) of the Rules of Civil Procedure defines a "Complex Case" as civil actions that require continuous judicial management. A typical case involves a large number of witnesses, a substantial amount of documentary evidence, and a large number of separately represented parties.

(Mark appropriate box on page two as to complexity, **in addition** to the Nature of Action case category.)

☐ THIS CASE IS ELIGIBLE FOR THE COMMERCIAL COURT UNDER EXPERIMENTAL RULE 8.1. (Maricopa County only.) Rule 8.1 defines a commercial case and establishes eligibility criteria for the commercial court. Generally, a commercial case primarily involves issues arising from a business contract or business transaction. However, consumer transactions are not eligible. A consumer transaction is one that is primarily for personal, family or household purposes. **Please review Rule 8.1 for a complete list of the criteria.** See http://www.superiorcourt.maricopa.gov/commercial-court/. You must check this box if this is an eligible commercial case. **In addition, mark the appropriate box below in the "Nature of Action" case category**. The words "commercial court assignment requested" must appear in the caption of the original complaint.

## **NATURE OF ACTION**

(Place an **"X"** next to the **one** case category that most accurately describes your primary case.)

**100 TORT MOTOR VEHICLE:**

☐ 101 Non-Death/Personal Injury
☐ 102 Property Damage
☐ 103 Wrongful Death

**110 TORT NON-MOTOR VEHICLE:**

☐ 111 Negligence
☐ 112 Product Liability – Asbestos
☐ 112 Product Liability – Tobacco
☐ 112 Product Liability – Toxic/Other
☐ 113 Intentional Tort

☐ 114 Property Damage
☐ 115 Legal Malpractice
☐ 115 Malpractice – Other professional
☐ 117 Premises Liability
☐ 118 Slander/Libel/Defamation
☐ 116 Other (Specify) _____

**120 MEDICAL MALPRACTICE:**

☐ 121 Physician M.D.   ☐ 123 Hospital
☐ 122 Physician D.O   ☐ 124 Other

Case No._____

## 130 CONTRACTS:

- ☐ 131 Account (Open or Stated)
- ☐ 132 Promissory Note
- ☐ 133 Foreclosure
- ☐ 138 Buyer-Plaintiff
- ☐ 139 Fraud
- ☐ 134 Other Contract (i.e. Breach of Contract)
- ☐ 135 Excess Proceeds-Sale
- ☐ Construction Defects (Residential/Commercial)
  - ☐ 136 Six to Nineteen Structures
  - ☐ 137 Twenty or More Structures

## 150-199 OTHER CIVIL CASE TYPES:

- ☐ 156 Eminent Domain/Condemnation
- ☐ 151 Eviction Actions (Forcible and Special Detainers)
- ☐ 152 Change of Name
- ☐ 153 Transcript of Judgment
- ☐ 154 Foreign Judgment
- ☐ 158 Quiet Title
- ☐ 160 Forfeiture
- ☐ 175 Election Challenge
- ☐ 179 NCC-Employer Sanction Action
  (A.R.S. §23-212)
- ☐ 180 Injunction against Workplace Harassment
- ☐ 181 Injunction against Harassment
- ☐ 182 Civil Penalty
- ☐ 186 Water Rights (Not General Stream Adjudication)
- ☐ 187 Real Property
- ☐ Special Action against Lower Courts
  (See lower court appeal cover sheet in Maricopa)

194 Immigration Enforcement Challenge
- ☐ (§§1-501, 1-502, 11-1051)

## 150-199 UNCLASSIFIED CIVIL:

- ☐ Administrative Review
  (See lower court appeal cover sheet in Maricopa)
- ☐ 150 Tax Appeal
  (All other tax matters must be filed in the AZ Tax Court)
- ☐ 155 Declaratory Judgment
- ☐ 157 Habeas Corpus
- ☐ 184 Landlord Tenant Dispute- Other
- ☐ 190 Declaration of Factual Innocence
  (A.R.S. §12-771)
- ☐ 191 Declaration of Factual Improper Party Status
- ☐ 193 Vulnerable Adult (A.R.S. §46-451)
- ☐ 165 Tribal Judgment
- ☐ 167 Structured Settlement (A.R.S. §12-2901)
- ☐ 169 Attorney Conservatorships (State Bar)
- ☐ 170 Unauthorized Practice of Law (State Bar)
- ☐ 171 Out-of-State Deposition for Foreign Jurisdiction
- ☐ 172 Secure Attendance of Prisoner
- ☐ 173 Assurance of Discontinuance
- ☐ 174 In-State Deposition for Foreign Jurisdiction
- ☐ 176 Eminent Domain– Light Rail Only
- ☐ 177 Interpleader– Automobile Only
- ☐ 178 Delayed Birth Certificate (A.R.S. §36-333.03)
- ☐ 183 Employment Dispute- Discrimination
- ☐ 185 Employment Dispute-Other
- ☐ 195(a) Amendment of Marriage License
- ☐ 195(b) Amendment of Birth Certificate
- ☒ 163 Other _____ Civil Rights _____
  (Specify)

## COMPLEXITY OF THE CASE

If you marked the box on page one indicating that Complex Litigation applies, place an "X" in the box of no less than one of the following:

- ☐ Antitrust/Trade Regulation
- ☐ Construction Defect with many parties or structures
- ☐ Mass Tort
- ☐ Securities Litigation with many parties
- ☐ Environmental Toxic
- ☐ Tort with many parties
- ☐ Class Action Claims
- Insurance Coverage Claims arising from the above-listed case types
- A Complex Case as defined by Rule 8(i) ARCP

**Additional Plaintiff(s)**

_____ _____ _____ _____

_____ _____ _____ _____

**Additional Defendant(s)**

_____ _____ _____ _____

—

MICHAEL K. JEANES, CLERK
BY                              DEP
V. Mamuttr
FILED

**2016 JUN 23  PM 1:47**

1   Peter Strojnik, State Bar No. 6464
    **STROJNIK P.C.**
2   1 EAST WASHINGTON STREET, SUITE 500
    PHOENIX, AZ 85004
3   (774) 768-2234
4   Attorney for Plaintiff
    Case Specific Email Address:
5   3616ERayRD@aadi.org
    www.aid.org
6

7                            ⌐ORIGINAL¬

            IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
8

9                  IN AND FOR THE COUNTY OF MARICOPA

10

11  Advocates for Individuals with Disabilities
    Foundation, Inc.,                          Case No: CV2016-007115
12
                                               **SUMMONS**
13              Plaintiff,

14
    vs.                          If you would like legal advice from a lawyer,
15                               Contact the Lawyer Referral Service at
    SMITH'S FOOD AND DRUG CENTERS        602-257-4434
16  INC                                        or
                                         www.maricopalawyers.org
17              Defendants.               Sponsored by the
                                    Maricopa County Bar Association
18
    **TO THE ABOVE NAMED DEFENDANT(S):**
19

20  **YOU ARE HEREBY SUMMONED** and required to appear and defend, within the time
    applicable, in this action in this Court.  If served within Arizona, you shall appear and
21  defend within 20 days after the service of the Summons and Complaint upon you,
    exclusive of the day of service.  If served out of the State of Arizona – whether by direct
22  mail, by registered or certified mail, or by publication – you shall appear and defend
    within 30 days after the service of the Summons and Complaint upon you is complete,
23  exclusive of the day of service.  When process is served upon the Arizona Director of
24  Insurance as an insurer's attorney to receive service of process against it in this State, the
    insurer shall not be required to appear, answer or plead until the expiration of 40 days of
25  such service upon the Director.  Service by registered or certified mail without the State
    of Arizona is complete 30 days after the date of filing the receipt and affidavit of service
26  with the Court.  Service by publication is complete 30 days after the date of first
    publication.  Direct service by mail is complete when made.  Service upon the Arizona
27  Motor Vehicle Superintendent is complete 30 days after the Affidavit of Compliance and
28  return receipt of Officer's Return.  **RCP 4.1 and 4.2; A.R.S. §§ 20-222, 28-502, 28-503.**

Case 2:16-cv-02770-SPL   Document 1-1   Filed 08/17/16   Page 26 of 35

**YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint. YOU ARE CAUTIONED that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of the Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or Response upon Plaintiff's attorney, or if Plaintiff is not represented by counsel, upon Plaintiff.**

A request for reasonable accommodations for persons with disabilities must be made to the division assigned to the case by the parties at least three (3) days before the scheduled court proceeding.

The name and address of Plaintiff is:

Advocates for Individuals with Disabilities Foundation Inc.
40 North Central Avenue, Suite 1400
Phoenix, AZ 85004

SIGNED AND SEALED this date: _____ JUN 1 0 2016

_____
Clerk of Court

F. Boll
Deputy Clerk

2

MICHAEL K. JEANES, CLERK
BY                      DEP
V. Manubb
FILED

2016 JUN 23 PM 1:47

Peter Strojnik
Strojnik P.C.
1 E. Washington St. Suite 500
Phoenix, AZ 85004
(774) 768-2234
Bar No. 6464

 **ORIGINAL**

### IN THE COURT OF THE STATE OF ARIZONA
### IN AND FOR THE COUNTY OF MARICOPA

**Advocates for Individuals with Disabilities, Foundation, Inc.,**

Plaintiff,

vs.

**SMITH'S FOOD AND DRUG CENTERS INC**
Defendant.

Case Number: CV2016-007115

**DECLARATION OF SERVICE BY A PRIVATE PROCESS SERVER**

Received by Rush Hour Legal Service to be served on **SMITH'S FOOD AND DRUG CENTERS INC**.

I, Dave Salcido, do hereby affirm that on the **21st day of June, 2016** at **10:10 am, I:**

served **SMITH'S FOOD AND DRUG CENTERS INC** by delivering a true copy of the **SUMMON; VERIFIED COMPLAINT; CERTIFICATE OF ARBITRATION; DISCOVERY REQUEST NO.1** with the date and hour of service endorsed thereon by me, to: **CORPORATION SERVICE COMPANY (STATUTORY AGENT)** at the address of: **2338 W ROYAL PALM RD SUITE J, PHOENIX, AZ 85021**, and informed said person of the contents therein, in compliance with state statutes.

**Additional Information pertaining to this Service:**
6/21/2016  7:42 pm  Note: Joselito Lobrin, (agent representative) accepted the documents.

**Description** of Person Served: Age: 37, Sex: M, Race/Skin Color: Asian, Height: 5'7", Weight: 135, Hair: Black, Glasses: N

I, being fully qualified under ARCP 4(e) to serve process within the State of Arizona and having been so appointed by Maricopa County Superior Court, Declare under penalty of perjury that the foregoing is true and correct and was executed on the above date.

Dave Salcido
Process Server MC-8693

**Rush Hour Legal Service**
**P.O. Box 30997**
**Mesa, AZ 85275**
**(480) 797-9483**

Our Job Serial Number: RUL-2016000408
Service Fee: $55.00

Copyright © 1992-2016 Database Services, Inc. - Process Server's Toolbox V7.1e



# EXHIBIT B

1   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
       A Limited Liability Partnership
2       Including Professional Corporations
    GREGORY F. HURLEY, Cal. Bar No. 126791 (pro hac vice forthcoming)
3   ghurley@sheppardmullin.com
    MICHAEL J. CHILLEEN, Cal. Bar No. 210704 (pro hac vice forthcoming)
4   mchilleen@sheppardmullin.com
    650 Town Center Drive, 4th Floor
5   Costa Mesa, California 92626-1993
    Telephone:   714.513.5100
6   Facsimile:   714.513.5130

7   QUARLES & BRADY LLP
    LAUREN ELLIOTT STINE, AZ Bar No. 025083
8   lauren.stine@quarles.com
    One Renaissance Square
9   Two North Central Avenue
    Phoenix, Arizona 85004
10  Telephone:   602.229.5200
    Facsimile:   602.229.5690
11
    Attorneys for Defendant,
12  SMITH'S FOOD & DRUG CENTERS, INC.

13

14              IN THE UNITED STATES DISTRICT COURT

15              FOR THE DISTRICT OF ARIZONA

16  | | |
    |---|---|
    | Advocates for Individuals With Disabilities Foundation, Inc., a charitable non-profit foundation, | Case No. |
    |  | **VERIFICATION OF LAUREN ELLIOTT STINE IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION** |
    | Plaintiff, |  |
    | v. |  |
    | Smith's Food & Drug Centers Inc. |  |
    | Defendant. |  |

23      LAUREN ELLIOTT STINE hereby declares as follows:

24      1)      My name is Lauren Elliott Stine. I am an attorney in the law firm of

25  Quarles & Brady LLP. I am counsel of record for Defendant Smith's Food & Drug

26  Centers, Inc. (hereinafter, "Defendant") in the above-captioned action. This Declaration is

1    offered in support of Defendant's Notice of Removal of Action and is based on my

2    personal knowledge.

3           2)        In accordance with 28 U.S.C. § 1446(a) and L.R. Civ. 3.6(b), Defendant has

4    filed a true and complete copy of all pleadings and other documents that were previously

5    filed with the Maricopa County Superior Court, contemporaneously with the filing of

6    Defendant's Notice of Removal of Action.

7           I declare under the penalty of perjury that the foregoing is true and correct.

8           DATED this 17th day of August 2016.

9

10                                          _____
                                            Lauren Elliott Stine

11

12

13

14   QB\41008149.1

15

16

17

18

19

20

21

22

23

24

25

26

# EXHIBIT C

**Marotta, Maria (PHX x3740)**

| | |
|---|---|
| **From:** | TurboCourt Customer Service [CustomerService@TurboCourt.com] |
| **Sent:** | Wednesday, August 17, 2016 10:16 AM |
| **To:** | Marotta, Maria (PHX x3740) |
| **Subject:** | E-Filing Status: Form Set # 1900445 Delivered |

PLEASE DO NOT REPLY TO THIS EMAIL.

AZTurboCourt Form Set # 1900445 has been DELIVERED to Maricopa County.

You will be notified when your documents have been processed by the court.

You MUST log in and check your filing status online at http://turbocourt.com/.

Here are your filing details:
Case Number: CV2016-007115 (Note: If this filing is for case initiation, you will receive a separate notification when the case # is assigned.)
Case Title: Advocates For Individuals With Disabilities Founda
Filed By: Maria Marotta
AZTurboCourt Form Set: #1900445
Keyword/Matter #:
Delivery Date and Time: Aug 17, 2016 10:15 AM MST

Forms:
Summary Sheet (This summary sheet will not be filed with the court. This sheet is for your personal records only.)


Attached Documents:
Notice of Removal to Federal Court: Notice to Adverse Parties and to Superior Court of Removal of Action to Federal Court

Fees Paid:

Total Filing Fees: $0.00
Provider Fee: $6.00
Total Amount Paid: $6.00

If you have questions about your filing, please contact AOC Support Services, phone number 602-452-3519 or 1-800-720-7743, or e-mail pasupport@courts.az.gov. Please have your AZTurboCourt Form Set # available.

To view the link above:
Click on the link OR
1) Highlight the website address "URL" above, then Right Click on highlighted "URL" and select Copy.
2) Open a NEW internet browser window.
3) Right Click inside the address field in the new internet browser window and select Paste.

Thank you for using TurboCourt!

1   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
      A Limited Liability Partnership
2       Including Professional Corporations
    GREGORY F. HURLEY, Cal. Bar No. 126791 (pro hac vice forthcoming)
3   ghurley@sheppardmullin.com
    MICHAEL J. CHILLEEN, Cal. Bar No. 210704 (pro hac vice forthcoming)
4   mchilleen@sheppardmullin.com
    650 Town Center Drive, 4th Floor
5   Costa Mesa, California 92626-1993
    Telephone:   714.513.5100
6   Facsimile:   714.513.5130

7   QUARLES & BRADY LLP
    LAUREN ELLIOTT STINE, AZ Bar No. 025083
8   lauren.stine@quarles.com
    One Renaissance Square
9   Two North Central Avenue
    Phoenix, Arizona  85004
10  Telephone:   602.229.5200
    Facsimile:   602.229.5690

11
    Attorneys for Defendant,
12  SMITH'S FOOD & DRUG CENTERS, INC.

13

14              IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

15                  IN AND FOR THE COUNTY OF MARICOPA

16
    ADVOCATES FOR INDIVIDUALS              Case No. CV2016-007115
17  WITH DISABILITIES FOUNDATION,
    INC., a charitable non-profit foundation,   **NOTICE TO ADVERSE PARTIES AND**
18                                          **TO SUPERIOR COURT OF REMOVAL**
                    Plaintiff,              **OF ACTION TO FEDERAL COURT**
19
            v.
20
    SMITH'S FOOD & DRUG CENTERS
21  INC;

22                  Defendant.

23

24      **TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD AND TO**

25  **THE CLERK OF THE MARICOPA COUNTY SUPERIOR COURT:**

26      **PLEASE TAKE NOTICE THAT** a Notice of Removal of this action was filed in

1    the United States District Court of Arizona by Defendant Smiths Food & Drug Centers,

2    Inc. on August 17, 2016, along with a copy of all pleadings received by Defendant.

3        A copy of said Notice of Removal (without exhibits) is attached to this Notice and

4    is served and filed herein as Exhibit "1." The original Notice of Removal has been filed

5    with the United States District Court of Arizona.

6        Pursuant to 28 U.S.C. § 1446(d), the filing of said Notice of Removal in the United

7    States District Court, together with the filing of this Notice to Adverse Parties and to the

8    Superior Court of Removal to Federal Court, effects removal of this action. Accordingly,

9    the Court may proceed no further in this action unless and until this case is remanded to

10   this Court from the United States District Court. Defendant further certifies that Plaintiff

11   has been notified of this removal and served with a copy of this Notice.

12       RESPECTFULLY SUBMITTED this 17th day of August, 2016.

13                                         SHEPPARD, MULLIN, RICHTER &
                                           HAMPTON LLP
14                                         A Limited Liability Partnership
                                           Including Professional Corporations
15                                         650 Town Center Drive, 4th Floor
                                           Costa Mesa, California 92626-1993
16
                                           QUARLES & BRADY LLP
17                                         Renaissance One
                                           Two North Central Avenue
18                                         Phoenix, AZ  85004-2391

19                                         By /s/ Lauren Elliott Stine
                                              Lauren Elliott Stine
20
                                           Attorneys for Defendant
21                                         Smith's Food & Drug Centers, Inc.

22

23                              **CERTIFICATE OF SERVICE**

24       I hereby certify that I electronically transmitted the attached document to the

25   Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of

26   Electronic Filing to the following CM/ECF registrant, and mailed a copy of same to the

following if non-registrants, this 17th day of August 2016:

> Peter Strojnik
> Strojnik P.C.
> 1 East Washington Street, Suite 500
> Phoenix, Arizona  85004
> Attorneys for Plaintiff

*/s/ Maria Marotta*

QB\41008268.1